IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOA T. NGUYEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2184 |
| | § | |
| METROPOLITAN TRANSIT | § | |
| AUTHORITY OF HARRIS COUNTY, | § | |
| TEXAS, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This employment case is before the Court on the Motion for Summary Judgment [Doc. # 15] filed by Defendant Metropolitan Transit Authority of Harris County, Texas ("Metro"), to which Plaintiff Hoa T. Nguyen filed a Response [Doc. # 19]. Defendant neither filed a Reply nor requested additional time to do so. The Court has reviewed the full record in this case. Based on this review and the application of relevant legal authorities, the Court **denies** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

Plaintiff began her employment with Metro in 1989. Between 2004 and 2009, Plaintiff worked in the Human Resources Department, ultimately becoming Manager of Human Resources Department's Information Systems ("HRIS").

In October 2008, she filed a charge of discrimination against Metro with the Equal Employment Opportunity Commission ("EEOC"), alleging she had been discriminated against on the basis of her national origin (Vietnamese) by the Vice President of Human Resources, M. Helen Cavazos (Hispanic). Plaintiff alleged that Cavazos gave substantial pay grade and pay increases to Hispanic employees but not to her, the only HR manager of Asian national origin. Plaintiff complained also that Cavazos hired a less qualified African-American as Plaintiff's immediate supervisor without posting the position or otherwise giving Plaintiff an opportunity to apply for the supervisory job.

The parties negotiated a settlement in June 2009. The terms of the settlement included a salary increase, a lump sum monetary payment, payment of Plaintiff's attorney's fees, and a reclassification from 12 to T13. *See* Settlement Agreement, Exh. 2 to Response. The "T" designation indicates as assignment to the Information Technology ("IT") Department. Metro promised in the Settlement Agreement not to retaliate against Plaintiff.

At the time of the settlement, Plaintiff was on short-term medical leave recovering from knee surgery. She returned to work on June 23, 2009, the day after Metro signed the Settlement Agreement. Plaintiff has presented evidence that during the first three months after her return to work, she was given a negative performance

evaluation, was removed from the team assembled to implement a new HR management software package known as SAP, was removed from her managerial position, and was transferred to the IT Department. Plaintiff has presented evidence that Cavazos refused to speak to her or otherwise acknowledge her presence.

After Plaintiff was transferred to the IT Department, Manager David Penninger assigned her to work on the SAP implementation team. Plaintiff has presented evidence that Penninger's supervisor, Erik Oistad, instructed him that Plaintiff could not work on the SAP team. Plaintiff is currently working for Metro as an Application Business Analyst IV in the IT Department, a non-managerial position.

Plaintiff filed a charge of retaliation with the EEOC and, on April 25, 2012, the EEOC issued a Notice of Right to Sue. Plaintiff filed this lawsuit on July 20, 2012, alleging that Metro retaliated against her for exercising her rights under Title VII by filing and pursuing the 2008 EEOC Charge against Metro. After an adequate time to complete discovery, Defendant filed its Motion for Summary Judgment. The Motion is now ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III.    RETALIATION CLAIM

### A.    Applicable Legal Standards

To establish a *prima facie* case of retaliation under Title VII, the plaintiff must present evidence that (1) she engaged in activity protected by Title VII, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)). If the plaintiff succeeds in presenting evidence that establishes a *prima facie* case, the burden shifts to the defendant to articulate a "legitimate, non-retaliatory reason for the adverse employment action."

*Id.* (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996)). If the defendant satisfies its burden, the plaintiff must present evidence from which the fact-finder could find "retaliation was the but-for cause for the employer's action." *Id*. Ultimately, to avoid summary judgment, the plaintiff must present evidence that raises a genuine issue of material fact regarding whether "her protected activity was a but-for cause of the alleged adverse action by the employer." *See Univ. of Texas Southwestern Med. Ctr. v. Nassar*, __ U.S. __, 113 S. Ct. 2517, 2534 (2013).

### B. Analysis

Plaintiff has presented evidence to establish a *prima facie* case of retaliation. It is undisputed that she engaged in activity protected by Title VII when she filed her 2008 EEOC Charge against Metro. She has presented evidence that after the Settlement Agreement was executed and she returned to work, she immediately began suffering adverse employment actions including being removed from the SAP team, being relieved of all managerial responsibility, and being transferred in September 2009 to the IT Department where there was allegedly inadequate work for her. The close temporal relationship between her returning to work following the settlement of her EEOC charge and the allegedly retaliatory conduct is sufficient evidence of a causal link between the protected activity and the adverse employment action. *See Lemaire v. Louisiana Dept. of Transp. and Dev.*, 480 F.3d 383, 390 (5th

Cir. 2007) (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995)); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (four months between protected activity and adverse employment action is sufficient to establish the causal connection element of a *prima facie* case); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

Defendant does not articulate a legitimate, non-discriminatory reason for its employment actions regarding Plaintiff. Instead, Defendant notes that Cavazos was the only individual named in the 2008 EEOC Charge, and argues that Cavazos was not the final decision-maker in the challenged adverse employment actions. Defendant's argument is not persuasive. The 2008 EEOC Charge was against Metro, not Cavazos. *See* 2008 Charge of Discrimination, Exh. 2 to Motion for Summary Judgment. It was Metro, not Cavazos, who entered into the Settlement Agreement to increase Plaintiff's annual gross compensation, to pay her a lump sum, to raise her grade classification, and to pay her attorney's fees. Plaintiff has presented credible evidence that Metro executives and managers retaliated against her for filing the 2008 Charge of Discrimination.

Plaintiff has presented evidence that raises a genuine issue of material fact in support of her claim that but for her protected activity, she would not have suffered the challenged employment actions. She has presented evidence that prior to the 2008

EEOC Charge, she was "an integral part of the team" that was handling the SAP installation. It is undisputed that when she returned after the Settlement Agreement was executed she was removed from the SAP team. She has presented evidence that David Penninger, an IT Department Manager, believed Plaintiff could be best utilized as a member of the SAP team and, therefore, returned her to the team. Penninger was precluded from doing so and reluctantly removed her from the SAP team. Indeed, Penninger had to be instructed three times to remove Plaintiff from the SAP team before he did so. Plaintiff has presented evidence that after execution of the Settlement Agreement, all managerial responsibilities included in her job description were removed and she was advised that she was henceforth "only HSIS personnel." Plaintiff has presented evidence that she was informed by her supervisor in HR that she would be disciplined if she attempted to assign work to employees who were previously under her supervision and management. Defendant has provided no explanation for these decisions.

Plaintiff has presented evidence that raises a genuine issue of material fact regarding whether but for her Charge of Discrimination against Metro, Metro through its managers would not have retaliated against her by removing her from the SAP team, relieving her of all managerial responsibilities, and transferring her to the IT Department. As a result, summary judgment on Plaintiff's retaliation claim is denied.

## IV. CONCLUSION AND ORDER

Plaintiff has presented evidence that raises a genuine issue of material fact in support of her retaliation claim. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 15] is **DENIED**. The parties' Joint Pretrial Order is due October 9, 2013, and the case remains scheduled for docket call on October 22, 2013 at 1:00 p.m.

SIGNED at Houston, Texas, this **22nd** day of **August, 2013.**

_____
Nancy F. Atlas
United States District Judge